## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

Tanner Kresal, on behalf of himself and
all others similarly situated,

                      Plaintiff,

vs.

SECURA Insurance Holdings, Inc.
A/K/A SECURA Insurance, Inc. A/K/A
SECURA Insurance, A Mutual Company
A/K/A SECURA Insurance Companies
and Kohn Law Firm, S.C.,

                     Defendants.

Civil File No. 17-cv-766

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### I.      INTRODUCTION

1.    This is an action for damages, declaratory and injunctive relief, brought by Tanner Kresal (hereinafter "Plaintiff") against Defendant SECURA Insurance Company (hereinafter "SECURA" or "Defendant SECURA") and its agent Defendant Kohn Law Firm, S.C. (hereinafter "Kohn" or "Defendant Kohn") to redress Defendants' violations of Plaintiff's rights and protections under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, et seq.

1

## II.    JURISDICTION

2.    Jurisdiction of this court arises under 18 U.S.C. § 2721, 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Commerce), 18 U.S.C. § 2724(a) (DPPA) and 28 U.S.C. § 1367 (Supplemental).

3.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

## III.    PARTIES

4.    Plaintiff Tanner Kresal is a natural person currently residing in Trempealeau County, State of Wisconsin, and is a citizen of the United States.

5.    Plaintiff lacks sophistication in the specific businesses of insurance contracts.

6.    Plaintiff is and has been at all relevant times a "person" as defined under 18 U.S.C. § 2725(2).

7.    Plaintiff is and has been at all relevant times protected by and entitled to enforce the remedies of 18 U.S.C. §§ 2721, *et seq.* ("the DPPA").

8.    Defendant SECURA Insurance Holdings, Inc. A/K/A SECURA Insurance, Inc. A/K/A SECURA Insurance, A Mutual Company A/K/A SECURA Insurance Companies (hereinafter "Defendant SECURA"), is and has been at all relevant times a corporation, providing commercial, personal, farm and agriculture, and nonprofit insurance products and services.

9.    Defendant SECURA is and has been at all relevant times a sophisticated insurance company regularly conducting business in the State of Wisconsin; its principal place of business is located at 2401 South Memorial Drive, Appleton, WI 54915-1429.

10.    Defendant SECURA is and has been at all relevant times engaged in the issuance of insurance policies covering driving activity in the state of Wisconsin and the United States.

11.    Defendant SECURA pays damage claims resulting from accidents involving its insured.

12.    Defendant SECURA acquires the legal rights to pursue subrogation claims for damages against those persons involved in and deemed liable for accidents which cause injury to its insured and/or damage to the property of its insured.

13.    Defendant SECURA is engaged in the collection of debts owed itself, incurred from such subrogation claims.

14.    Defendant SECURA is engaged in the collection of debts owed itself using the mail and telephone.

15.    Defendant SECURA is and was at all relevant times a "person" as defined under 18 U.S.C. § 2725(2), and is restricted by and subject to the remedies of the DPPA.

16.    Defendant SECURA is and was at all relevant times liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of *respondeat superior*, agency, and vicarious liability, among others.

17.    Defendant Kohn Law Firm S.C., is a corporation of limited legal liability which is engaged in the collection of debt on behalf of others.

18.    Defendant Kohn is a sophisticated law firm regularly conducting business

throughout the state of Wisconsin; its principal place of business is located at 735 North Water Street, Milwaukee, WI, 53202 and has a registered agent of Robert E. Potzebowski, Jr., 735 N. Water St., #1300, Milwaukee, WI 53202.

19.    Defendant Kohn is engaged in the collection of debt owed itself and others using the mail and telephone and legal process.

20.    Defendant Kohn is and was at all relevant times liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of *respondeat superior*, agency, and vicarious liability, among others.

## IV.    NATURE OF THE CASE

21.    This is a Class Action Complaint brought to obtain monetary and equitable relief on behalf of a class of individuals whose private information has been impermissibly disclosed and published in court filings by Defendants in violation of state and federal laws; Plaintiff alleges violations of 18 U.S.C. §§ 2721, *et seq.*,

22.    By operation of U.S. and Wisconsin law, Plaintiff has a property right in, and control of, his private personal, financial, medical, and biometric information, which are collectively referred to herein as "private facts" or "private information."

23.    Plaintiff's driver's license number, and the driver's license numbers of others publically published and disclosed by Defendants, qualify as private information that individually and collectively are prohibited, under U.S. and Wisconsin law, from disclosure absent an applicable statutory exception under 18 U.S.C § 2721(b).

24.    A person's driver's license number is also "personal information" as defined under

18 U.S.C. §§ 2725(3).

25.  Disclosure of a person's driver's license number is prohibited by the DPPA absent an applicable and statutorily permissible use. 18 U.S.C § 2721(b).

26.  The United States Supreme Court has long recognized privacy as a fundamental constitutional right, protected from infringement by the federal government in the Fourth Amendment, and extended to protection from infringement by the states in the Fourteenth Amendment.

27.  The legislative branch of the federal government has adopted a strict approach to the protection of privacy interests, particularly within the past twenty years.

28.  Recognizing that law enforcement, state and government personnel, among others, have the ability to access any person's private information, especially information retained by the State in connection with granting a driver's license, Congress passed a general prohibition on the access, use, and disclosure of private information obtained from a state motor vehicle record, the Driver's Privacy Protection Act of 1994 ("DPPA").

29.  The Wisconsin legislature has also established a statutory protection from the invasion of privacy in 1977.

30.  The case at bar concerns the invasion of privacy and illegal disclosure of Plaintiff's private personal information by Defendants knowingly and without any statutorily permissible use set forth in 18 U.S.C § 2721(b)(1)-(14).

31.  Defendants have violated the DPPA and have consequently caused Plaintiff damage.

32.     Plaintiff is therefore entitled to a determination that his rights have been violated, to
        an order enjoining further violations, and to monetary damages for such invasions of
        his privacy.

## HISTORY

### History of DPPA and the Federal Right to Privacy in One's Personal Information Contained in a State Motor Vehicle Record

33.     Security and privacy is highly valued in the United States, and the right to be secure
        in one's person is codified in the Bill of Rights. U.S. Const. Amend. IV.

34.     Prior to the passage of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§
        2721 *et seq.*, state departments of motor vehicles had been jeopardizing the privacy
        of citizens by giving out, or selling for a nominal fee, the names and home addresses
        of individuals. 139 Cong. Rec. E2747-48 (Nov. 3, 1993) (statement of Rep. Moran).

35.     The DPPA was passed as a general prohibition reinforcing personal privacy on the
        access, use, and disclosure of personal information, including the names, addresses,
        social security numbers, driver's license numbers, photographs, telephone numbers,
        medical or disability information, and other identifying information obtained from a
        motor vehicle record, including any identification card issued by the department of
        motor vehicles (see 18 U.S.C. §2725(1), without the express consent of the individual
        to whom the information pertains or allowed by one of thirteen other carefully
        delimited permissible uses. *Id.*

36.     Prior to the passage of the DPPA, the aforementioned information often found its way
        into the hands of stalkers, criminals, marketers, and solicitors, and sometimes with

tragic results. *Id.*; *Maracich v. Spears*, 133 S.Ct. 2191, 2198 (2013).

37. In passing the DPPA, Congress was not only concerned about personal safety, but personal privacy as well, as Rep. Moran confirmed in the Congressional Record, stating that "[b]y enacting this legislation, Congress will reaffirm that privacy is not a Democratic or Republican issue, but a basic human right to which every person is entitled." 139 Cong. Rec. E2747-48 (Nov. 3, 1993) (statement of Rep. Moran).

38. The DPPA addressed these problems by "establish[ing] a regulatory scheme that restricts the ability to disclose a driver's personal information without the driver's consent." *Id.* at 7, *citing Reno v. Condon*, 528 U.S. 141, 144 (2000).

39. The DPPA contains a list of exceptions to the aforementioned consent requirement, mainly concerning information disclosures necessary in connection with public safety, the function of government agencies, and litigation. Katherine Hutchison, *That's the Ticket: Arguing for a Narrower Interpretation of the Exceptions Clause in the Driver's Privacy Protection Act.* 7 Seventh Circuit Rev. 126, 127 (2012). The Supreme Court of the United States, however, has held that reading the "in connection with" language in 18 U.S.C. § 2721(b)(4) to permit disclosure of personal information in any legal dispute would substantially undermine the DPPA's purpose of protecting the right to privacy in motor vehicle records. *Maracich* 133 S.Ct. at 2200.

40. Conduct must fall under an "explicit or unambiguous scope" of an exception in order to qualify for that exception. *Id.* at 2203. For example, the DPPA allows for disclosure and use of personal information in connection with the operation of private toll roads.

If the phrase "in connection with" were not limited to the "explicit or unambiguous scope" of an exception, then the owner of a private toll road could send mass or directly targeted advertisements or marketing letters by making use of personal information from state departments of motor vehicles. This is not allowed. *Id.* at 2205.

41.  Information contained in motor vehicle records, including identification cards, thus is *not* intended to be used in every circumstance imaginable under the exceptions. Indeed, if the statute "permitted access to highly restricted personal information [allowed by (b)(1) and (b)(4)]. . . without governmental authorization or without consent of the holder of the driver's license, the result would be so significant a departure" from the other exceptions that it would very much go against what Congressional intended and statutory design. *Id.* at 2202–03.

42.  The "in connection with" language in 18 U.S.C. § 2721(b) must, therefore, be construed to be limited to specific circumstances of a case, and merely being named on the list of exceptions to the DPPA in 18 U.S.C. § 2721(b) does not create the right to access the personal information kept by state departments of motor vehicles. *See id.* at 2203. Moreover, *each piece* of personal information obtained from a state motor vehicle record must further the permissible use allowed for by those exceptions. *Senne v. Village of Palatine*, 695 F.3d 597, 609 (7th Cir. 2012).

43.  In addition to limiting initial access, use, and disclosure of private personal information obtained from a state motor vehicle record, 18 U.S.C. § 2721(c) restricts the resale and redisclosure of private information obtained from a state motor vehicle

8

record by an authorized recipient. 18 U.S.C. § 2721(c). Under this section, just as under § 2721(b) pertaining to initial access, use, and disclosure, the subsequent redisclosure of *each piece of information* obtained from a state motor vehicle record must serve a permissible use included in one of the statutory exceptions. *Senne*, 695 F.3d at 606 ("[A]n authorized recipient, faced with a general prohibition against further disclosure, can disclose the information only in a manner that does not *exceed the scope* of the authorized statutory exception. . . . Otherwise, the statute's purpose of safeguarding information . . . is frustrated") (emphasis in original).

44.   From its original enactment in 1994, the DPPA has provided for a private civil remedy and liquidated damages to citizens whose privacy is invaded by unlawful acquisition, use, or disclosure of their personal information from a state motor vehicle record.  18 U.S.C. § 2724.

45.   These remedies were confirmed by the Supreme Court of the United States, which clearly stated in *Reno v. Condon* that "any person who knowingly obtains, discloses, or uses information from a state motor vehicle record for a use other than those specifically permitted by the DPPA may be subject to liability in a civil action brought by the driver to whom the information pertains."  *Reno* at 146-47.

### V.    BACKGROUND INFORMATION

46.   Article III standing of the Plaintiff and the Class is established if it is shown that: 1) Plaintiff and the Class have suffered injury in fact, 2) that the injury is traceable to the conduct of the Defendants, and 3) the harm is likely to be redressed by a

favorable judicial decision.

47.    The Plaintiff and the class have suffered "an invasion of a legally protected interest," namely, their privacy of private information occasioned by the conduct of the Defendants.

48.    The legally protected interest is concrete and particularized, "actual or imminent," and has affected Plaintiff and Class members in a personal and individual way.

49.    In *Spokeo*, The United States Supreme Court held that injury-in-fact for Article III "standing purposes" includes intangible harms amounting to concrete injury. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016).

50.    Intangible harms amounting to concrete injury are those that are incurred by a traditionally actionable violation of interest, and where Congress has intended a remedy for the violation of that interest. *Id.* "Because the doctrine of standing derives from the case or controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts. . . . Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law". *Id.*

51.    One of the primary protections of the DPPA is the requirement that "users," such as Defendants, access, use, disclose, resell and/or redisclose private information obtained from a state motor vehicle record *only* when doing so *furthers the purpose*

of one of the statutory exceptions. That is, without a statutorily permissible purpose, any access, use, disclosure, resale, and/or redisclosure of such information is an invasion of privacy.

52. Such an invasion of privacy is an example of "harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts" as considered by *Spokeo*. *See* Restatement (Second) of Torts § 652A.

53. Congress clearly intended a remedy for the invasion of privacy under these circumstances in passing the DPPA.

## VI.    FACTUAL ALLEGATIONS

54. Plaintiff was involved in an automobile accident on or about June 2, 2014.

55. Defendant SECURA insured non-party Abby Vans, Inc. at the time of the accident and as such Secura paid claims covering damages to Abby Vans' motor vehicle incurred in the accident allegedly cause by Plaintiff.

56. Defendant SECURA, as a subrogee of Abby Vans, Inc., subsequently filed a lawsuit against Plaintiff December 23, 2015, in the Eau Claire County Circuit Court. *Secura Insurance v. Tanner T. Kresal*, No. 2015-CV-000681 (Eau Claire Co., WI).

57. The complaint sought to recover a judgment against Plaintiff related to the June 2, 2014 accident.

58. Defendants obtained a judgment against Plaintiff on March 7, 2016.

59. On or about September 9, 2016, Defendant SECURA via its agent Defendant Kohn submitted for filing a proposed bench warrant and supporting documentation in the

11

form of a Certificate of Judgment to be issued in the subrogation case against Plaintiff.

60. The cover letter, proposed bench warrant, and Certificate of Judgment submitted for filing by Defendant SECURA via its agent Kohn was filed with the Eau Claire County Wisconsin on September 12, 2016.

61. The proposed bench warrant and Certificate of Judgment sent by Defendant SECURA through its agent Defendant Kohn, and filed with the court on September 12, 2016, included Plaintiff's unredacted driver's license number.

62. The judge signed the bench warrant as proposed by Defendant SECURA via its agent Defendant Kohn on September 13, 2016.

63. Plaintiff's driver's license number constitutes "personal information" as that term is defined by 18 U.S.C. § 2725(3).

64. The disclosure of Plaintiff's private personal information was not essential to serve any permissible purpose under 18 U.S.C. § 2721(b).

65. Defendants' disclosure of Plaintiff's unredacted driver's license number in the September 12, 2016 filing violations of the DPPA.

66. Enclosed with the September 9, 2016, cover letter was a copy of the previously issued bench warrant that publicly disclosed Plaintiff's unredacted driver's license number.

67. Defendants' actions of including Plaintiff's unredacted driver's license number with the requested bench warrant released caused a second unlawful disclosure of

Plaintiff's personal information.

68.    The September 12th, and subsequent filings—were unlawful disclosures of Plaintiff's driver's license number contained therein—remain in the public record.

69.    The disclosure of Plaintiff's unredacted driver's license number amounts to an ongoing unreasonable behavior and actions that interfere substantially with Plaintiff's use of the public roadways.

70.    In addition, Defendants' conduct unduly interferes with the activities of the entire community of uninsured and underinsured drivers in the state of Wisconsin by imposing upon them an ongoing risk to personal safety and security and threat of identity theft through the publication of private information.

71.    Defendants' conduct poses a threat to the proposed class members by placing at risk, through publication of private information, the safety and security of those with whom it does not have contractual relations.

72.    Defendants' filings with the court, which included Plaintiff's unredacted private information obtained from a state motor vehicle record, exposed Plaintiff to potential identify theft and risk to his safety and security, in violation of the DPPA.

73.    Defendants' filings with the court, which included Plaintiff's unredacted private information obtained from a state motor vehicle record, exposed Plaintiff to potential identify theft and risk to his safety and security, in violation of Wisconsin's Privacy Statute, Wis. Stat. § 995.50.

74.     dWhile Defendant SECURA may have had a permissible purpose to obtain Plaintiff's driver's license number when processing the accident claims submitted by its insured, Defendants acted with none of the permissible purposes listed in 18 U.S.C. § 2721(b) when they published Plaintiff's driver's license number in the aforementioned state court filings.

75.     Defendants acted with no permissible purpose listed in18 U.S.C. § 2721(b)(1) as Defendants are not a "government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions" when they published Plaintiff's driver's license number in the aforementioned state court filings.

76.     Defendants acted with no permissible purpose listed in 18 U.S.C. § 2721(b)(2) as Defendants were not using Plaintiff's driver's license number in "connection with matters of motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers" when they published Plaintiff's driver's license number in the aforementioned state court filings.

77.     Defendants acted with no permissible purpose listed in 18 U.S.C. § 2721(b)(3) as Defendants were not using Plaintiff's driver's license number "in the normal course

of business by a legitimate business or its agents, employees, or contractors, but only **(A)** to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and **(B)** if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual," when they published Plaintiff's driver's license number in the aforementioned state court filings.

78.    Defendants acted with no permissible purpose listed in 18 U.S.C. § 2721(b)(4) as Defendants were not using Plaintiff's driver's license number "in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court" when they published Plaintiff's driver's license number in the aforementioned state court filings.

79.    Defendants acted with no permissible purpose listed in 18 U.S.C. § 2721(b)(5) as Defendants were not using Plaintiff's driver's license number "in research activities, and for use in producing statistical reports, so long as the personal information is not published, redisclosed, or used to contact individuals" when they published Plaintiff's driver's license number in the aforementioned state court filings.

80.     Defendants acted with no permissible purpose listed in 18 U.S.C. § 2721(b)(6) as Defendants were not an "insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting" when they published Plaintiff's driver's license number in the aforementioned state court filings.

81.     Defendants acted with no permissible purpose listed in 18 U.S.C. § 2721(b)(7) as Defendants were not using Plaintiff's driver's license number for "use in providing notice to the owners of towed or impounded vehicles" when they published Plaintiff's driver's license number in the aforementioned state court filings.

82.     Defendants acted with no permissible purpose listed in 18 U.S.C. § 2721(b)(8) as Defendants were not a "licensed private investigative agency or licensed security service for any purpose permitted under this subsection" when they published Plaintiff's driver's license number in the aforementioned state court filings.

83.     Defendants acted with no permissible purpose listed in 18 U.S.C. § 2721(b)(9) as Defendants were not using Plaintiff's driver's license number as "an employer or its agent or insurer to obtain or verify information relating to a holder of a commercial driver's license that is required under chapter 313 of title 49" when they published Plaintiff's driver's license number in the aforementioned state court filings.

84.    Defendants acted with no permissible purpose listed in 18 U.S.C. § 2721(b)(10) as Defendants were not using Plaintiff's driver's license number "use in connection with the operation of private toll transportation facilities" when they published Plaintiff's driver's license number in the aforementioned state court filings.

85.    Defendants acted with no permissible purpose listed in 18 U.S.C. § 2721(b)(11) as Defendants were not using Plaintiff's driver's license number "in response to requests for individual motor vehicle records if the State has obtained the express consent of the person to whom such personal information pertains" when they published Plaintiff's driver's license number in the aforementioned state court filings.

86.    Defendants acted with no permissible purpose listed in 18 U.S.C. § 2721(b)(12) as Defendants were not using Plaintiff's driver's license number "[f]or bulk distribution for surveys, marketing or solicitations if the State has obtained the express consent of the person to whom such personal information pertains" when they published Plaintiff's driver's license number in the aforementioned state court filings.

87.    Defendants acted with no permissible purpose listed in 18 U.S.C. § 2721(b)(13) as Defendants were not using Plaintiff's driver's license number "[f]or use by any requester, if the requester demonstrates it has obtained the written consent of the individual" when they published Plaintiff's driver's license number in the aforementioned state court filings.

88.    Defendants acted with no permissible purpose listed in 18 U.S.C. § 2721(b)(14) as Defendants were not using Plaintiff's driver's license number "[f]or any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety" when they published Plaintiff's driver's license number in the aforementioned state court filings.

89.    As a business conducting its affairs within the United States generally, and Wisconsin specifically, Defendants are deemed to know what is lawful and what is unlawful under United States and Wisconsin law. *Barlow v. United* States, 8 L. Ed. 728 (1833) ("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985) ("all citizens are presumptively charges with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, 13 & footnote 4, 255 Wis.2d 447, 458, 649 N.W.2d 626 (Wis. 2002) ("Wisconsin has adopted the mistake of law doctrine").

90.    Based on the illegality of their actions, Defendants have harmed Plaintiff by invading his privacy.

91.    As a result of the acts alleged above, Plaintiff has suffered harm and is entitled to recover damages for the violations of law and multiple invasions of his privacy.

92.    As of the filing of this Complaint, Defendant SECURA had not taken any steps to abate, address, or rectify the violations laid forth herein and such violations continue day after day.

93.    Defendants' unlawful disclosures of Plaintiff's driver's license number in the aforementioned court filings constitute an ongoing breach of Plaintiff's state and federal privacy rights and continue to present a serious and ongoing risk of identity theft and risk to his safety and security.

94.    The continuing nature of these alleged violations of state and federal law and of the rights of the Plaintiff and the proposed class, tolls any applicable statute of limitations because of the continuing violation rule.

## VII.    CLASS ALLEGATIONS

95.    Defendants unlawfully disclosed Plaintiff's driver's license number in publicly accessible court filings in connection with the recovery of a judgment against him.

96.    On information and belief, Defendants have on numerous occasions filed legal process against automobile drivers and/or owners in default of court proceedings, which have unlawfully disclosed the driver's license numbers of a Class of similarly situated individuals, in violation of 18 U.S.C. §§ 2721 *et seq.*

97.    Plaintiff brings this action individually and as a Class action. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff seeks to certify a Class consisting of the following individuals:

> *All Wisconsin Residents for whom Defendants have disclosed the personal driver's license numbers in public court filings in pursuance of subrogation claims owed from four years prior to the filing of this Complaint.*

98.    The Class Members whose actions are timely brought by this Complaint include those whose private information was disclosed by Defendants within four (4) years

prior to the date of the filing of this Complaint. *See* 28 U.S.C. § 1658(a).

99. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to the Defendants, Plaintiff, upon information and belief, alleges that the Class consists of greater than fifty (50) individuals.

100. There are questions of law and fact common to the Class that predominate any questions affecting only individual Class members. The questions include but are not limited to:

    (a)    Whether disclosing and publishing Plaintiff's driver's license number violated the DPPA.

101. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories, including:

    (a)    The recovery of statutory and punitive damages for Defendants' violations of federal law.

102. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer rights class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this case.

103. This action should be maintained as a Class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the

Class.

104.   A Class action is a superior method for the fair and efficient adjudication of
controversy. The interest of Class members in individually controlling prosecution
of separate claims against Defendants is small. Management of the Class claims is
likely to present significantly fewer difficulties than those presented in many
individual claims. The identities of the Class members may be obtained using
Defendants' records.

### VIII.    CAUSES OF ACTION

### COUNT I.  DRIVER'S PRIVACY PROTECTION ACT

105.   Plaintiff incorporates by reference all the foregoing paragraphs.

106.   Defendants  willfully  and/or negligently violated provisions of the Driver's Privacy
Protection  Act.  Defendants' violations include, but are not limited to the following:

     (a)   Defendants violated 18 U.S.C. §§ 2721 *et seq.* by willfully
including Plaintiffs' driver's license number in court filings in
connection with *SECURA Insurance v. Tanner T. Kresal*, No. 15-
CV-000681 (Eau Claire Croix County,  WI), as it  was and is
contrary  to federal law.

107.   As a result of the above and continuing violations of the DPPA, Defendants  are liable to
the Plaintiff in the  sum of Plaintiff's actual damages, statutory  damages, punitive
damages, costs,  disbursements, and  reasonable  attorneys' fees, along  with  any
appropriate injunctive relief.

## IX.  REQUEST FOR RELIEF

108.  **WHEREFORE**, Plaintiff respectfully requests that a Judgment be entered against

Defendants awarding Plaintiff the following relief:

    (a)    $2,500.00 statutory damages per violation, pursuant to 18 U.S.C. § 2724 (b)(1);

    (b)    punitive damages under all Counts;

    (c)    costs, disbursements and reasonable attorney's fees, pursuant to 18 U.S.C. § 2724 (b)(3);

    (d)    an Order enjoining the Defendants from further violations of the Driver's Privacy Protection Act, relative to the Defendants inclusion of driver's license numbers in documents filed in Wisconsin state courts;

    (e)    an Order instructing Defendants to move to seal all class members state court files;

    (f)    an Order directing Defendants to seek relief in all Wisconsin state courts where Defendants have filed court documents that contains any unredacted driver's license numbers, in the form of a motion to either seal or redact the state court file;

    (g)    any other appropriate declaratory and or injunctive relief; and

    (h)    such other and further relief as the court deems just and equitable.

## X. DEMAND FOR JURY TRIAL

109.  Plaintiff hereby demands that, to the extent provided by the United States and

Wisconsin Constitutions, these claims be determined by a jury of his peers.


Dated this 6th day of October, 2017.

                    By: s/Thomas J. Lyons Jr.

                    Thomas J. Lyons, Jr., Esq.
                    **CONSUMER JUSTICE CENTER P.A.**
                    367 Commerce Court
                    Vadnais Heights, MN 55127
                    Telephone:  651-770-9707
                    Facsimile:  651-704-0907
                    tommy@consumerjusticecenter.com

22

Thomas J. Lyons, Sr., Esq.
Wis. Attorney Lic. No. 1019127
**LYONS LAW FIRM, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  651-770-9707
tlyons@lyonslawfirm.com

Eric L. Crandall, Esq.
Wis. Attorney Lic. No. 1001833
**CRANDALL LAW FIRM**
421 West Second Street
PO Box 27
New Richmond, WI 54017
Telephone: 715-246-1010
Facsimile: 715-246-3793
consumerlaw@frontiernet.net

*ATTORNEYS FOR PLAINTIFF*